[No. 8209.    Department Two. — December 30, 1885.]

CHARLES MARTIN ET AL., APPELLANTS, *v.* L. W.
WALKER ET AL., RESPONDENTS.

TENANTS IN COMMON — PARTITION — STATUTE OF LIMITATIONS — ADVERSE
    POSSESSION — EVIDENCE.— The action was brought in the year 1879 to
    recover the possession of certain land to which the plaintiffs claimed
    title as tenants in common with the defendant Walker. The land in
    controversy was a portion of the rancho Laguna de San Antonio, and in
    a partition suit thereof, commenced in the year 1860, and finally deter-
    mined in 1877, was set apart and allotted to Walker. In 1864, Walker
    conveyed an undivided interest in the rancho to the plaintiffs and their
    grantors, none of whom were parties to the partition suit. In 1878 the
    plaintiffs demanded to be let into possession of the land. This demand
    Walker refused. The defendants pleaded the statute of limitations, and
    claimed to have acquired a title in severalty by reason of an alleged
    ouster of the plaintiffs by Walker in 1865, and a subsequent exclusive
    adverse possession by him. *Held*, that the plea was not sustained by
    the evidence.

APPEAL from a judgment of the Superior Court of
Marin County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*E. S. Lippitt*, and *C. V. Grey*, for Appellants.

The evidence was insufficient to show an adverse pos-
session of the land by the defendant Walker. As a tenant
in common, his possession must be considered the pos-
session of his co-tenants until the latter are informed of
the contrary. (*Kidder* v. *Stevens*, 60 Cal. 419; *Miller* v.
*Myers*, 46 Cal. 531; *Unger* v. *Mooney*, 63 Cal. 591.)

*A. W. Thompson*, *T. J. Bowers*, and *Cope & Boyd*, for
Respondents.

The defendant Walker acquired title by adverse pos-
session, based upon his ouster of the plaintiffs in 1865,
and the latter had notice of such possession. (*Packard*
v. *Moss*, 68 Cal. 123; Freeman on Co-tenancy, secs. 223,
230.)

MORRISON, C. J.—Ejectment for lands embraced within
the rancho Laguna de San Antonio, in Marin County,

California.   The lands in controversy are a portion of
the tract of land included in the partition suit of *Gates*
v. *Salmon*, commenced in the year 1860, and finally de-
termined in the Fourth District Court March 28, 1877.
In the partition suit referred to, the lands described in
the complaint in this action were set apart and allotted
to Walker, the defendant in this action, who was also a
party defendant in the suit for partition of the rancho.

The plaintiffs here claim title as tenants in common
with Walker, under certain deeds executed by him to
them and their grantors, and the defendant Walker, he
being, in fact, the only defendant in the case, claims to
own the lands in severalty by virtue of a long adverse
and exclusive occupancy and possession of the same.
Defendant's plea of the statute of limitations was sus-
tained by the court below, and this is the only question
presented for consideration on appeal.

On the trial the defendant testified as follows:—

"I know the land described in my answer in the case
of *Gates* v. *Salmon*, . . . . and also that described in the
complaint in this action.   The land described in this
complaint is the same thing as that described in that
answer.   I have occupied that land for over twenty
years.   No one has occupied it with me.   Neither of the
plaintiffs have ever had possession of any of that land.
The land is fenced, both by an exterior and a cross fence.
I have used the whole of the land for farming and graz-
ing.   The description in the answer includes the old
Potrero which I occupied for a number of years, and
sold off to Davis and another, and it also includes
the first five described tracts in the complaint.   I ain't
going to be too sure about that, I want you to understand;
but I think that at the time that description in the an-
swer was made, that I owned that Potrero.   I would not
be too positive about it, however.   I owned special loca-
tions 14 and 12 when the partition suit was commenced,
and at the time I became a member of the league the

tract described as No. 1 in the complaint was within the boundaries of special location No. 14, and the tract described as No. 2 in the complaint was within the boundaries of special location No. 12."

And the following were the findings of the court:—

"2. In the year 1865, plaintiffs and defendant Walker were tenants in common in a certain large tract of land called the rancho Laguna de San Antonio, each having an undivided interest therein. Of this rancho, the land described in the complaint is a parcel.

"3. The defendant Walker, in 1865, ousted plaintiff from said parcel, took exclusive possession thereof adversely to plaintiffs and all other persons, claimed to own the same in severalty, and has ever since then continuously remained and now is in the exclusive possession thereof, adversely to plaintiffs and all other persons, and has ever since then claimed and now claims to be the owner thereof in severalty.

"4. Of the facts that Walker had so ousted them from said parcel, that he claimed to own the same in severalty, that he had taken the exclusive possession thereof adversely to plaintiffs and all other persons, the plaintiffs herein were notified in the year 1865, and they have ever since then been aware that he was in the exclusive possession thereof, adversely to plaintiffs and all other persons, and claimed to be the owner thereof in severalty.

"From the foregoing facts, as conclusions of law, the court finds that plaintiffs ought not to take anything by this action, but that defendants should have judgment herein against plaintiffs for their costs of suit, and judgment is so ordered."

It was also shown that the plaintiff Martin, on the twenty-fifth day of May, 1878, made a demand of Walker to be let into the possession of the land in controversy, in the following language:—

Petaluma, May 25, 1878.

"To L. W. Walker, Esq.:—I hereby demand to be let into possession of the property hereinafter described, by virtue of a deed made and executed by you to me, dated August 24, 1864, and conveying one forty-first part of the rancho Laguna de San Antonio, and also a deed made and executed by you to William Robson, dated August 24, 1864, conveying one eightieth part of said rancho, said Robson having conveyed the same to me by deed, dated August 26, 1864. I make this demand as tenant in common with you in said land now in your possession, and to the extent of my said interest in said rancho, the same having been set apart to you by a decree made and entered in the District Court of the fourth judicial district of California, in the case of *Gates* v. *Salmon and others*, in connection with your interests in said rancho. Said lands comprising our joint tenancy are described as follows:—

"The tracts, lots, and parcels of land known and designated upon the partition map, and in the decree of partition of said rancho made and entered in the Fourth District Court, as tracts Nos. 1, 2, 3, 4, 5, 6, and 7 of L. W. Walker's subdivision of said rancho, containing 1,646 acres.                    C. Martin."

The demand was refused by the defendant Walker.

The plaintiff offered in evidence on the trial a deed from Walker, the defendant, to William Robson, dated August 24, 1864, for a part of the land sued for; a deed from Walker to Charles Martin and Giuliano Moretti, bearing date August 24, 1864, for a portion of the premises; also a deed from Robson and Moretti to Charles Martin, dated August 26, 1864; and a deed from Martin to Moretti. These last-named deeds were for a portion of the lands sued for.

As already remarked, the only question before us is the correctness of the judgment sustaining the defendant's plea of the statute of limitations.

We are of the opinion that the evidence was not sufficient to establish the plea of the statute of limitations. The partition case of *Gates* v. *Salmon* was commenced in 1860, and did not end until the year 1877. The defendant Walker was a party to that proceeding, and while it was pending, deeded an undivided part of the land claimed by him to the plaintiffs. The plaintiffs did not become parties to the proceeding in partition.

We think the statute of limitations did not commence to run until the demand was made by Martin in 1878 to be let into possession as a co-tenant with the defendant. The action was brought in 1879, so that five years had not run from such refusal and ouster before the action was brought. We therefore think the statute had not run, and the judgment and order below should be reversed. It is so ordered.

MYRICK, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.